SEVERE PAQUIN *vs.* STATE BOARD OF HEALTH.

To entitle a physician to a certificate from the State Board of Health under Pub. Laws R. I. cap. 1358, § 3, clause 2, of May 16, 1895, regulating the practice of medicine, he must show that he had been in practice a sufficient length of time prior to January 1, 1892, and with sufficient success, to have acquired at that time an honorable reputation in the community in which he practiced as a skillful and successful physician.

APPEAL from the decision of the State Board of Health.

*February* 11, 1896.    PER CURIAM.    The appellant claims to be entitled to a certificate authorizing him to practice medicine, in accordance with Pub. Laws R. I. cap. 1353, § 3, of May 16, 1895, on the ground that he was reputably and honorably engaged in the practice of medicine prior to January, 1, 1892, in this State, within the meaning of the second clause of the section. We think that this clause was intended to apply to physicians who, not possessing a diploma from a reputable and legally chartered medical college, endorsed as such by the State Board of Health, as required by the first clause of the section, had been in practice a sufficient length of time prior to January 1, 1892, and with sufficient success to have acquired an honorable reputation in the community as practitioners.

The appellant has not presented satisfactory evidence that he possessed this qualification. The testimony is that for several years prior to 1889 he was engaged in the dry goods

and boot and shoe business in Warren ; that in 1889 he took up by himself the study of medicine, and later in that year began to practice, chiefly, if not wholly, among the French residents of the town ; that from the latter part of 1889 he gave his attention exclusively to the practice of medicine, leaving the dry goods and boot and shoe business to be managed by clerks, and that he continued his practice up to January 1, 1892, some of his patients being satisfied with his services and some not. There is no evidence that on January 1, 1892, he had come to be regarded by the community in which he practiced as a skillful and successful practitioner, and therefore had acquired the honorable reputation as a physician necessary to qualify him to practice contemplated by the statute.

The decision of the State Board of Health denying a certificate to the appellant is affirmed.

*Charles E. Gorman & Ambrose Choquet*, for appellant.

*Edward C. Dubois*, Attorney General, for appellee.